# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SKYLIGHTS, LLC | Case No. 2:16-cv-02008-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| OCWEN LOAN SERVICING, LLC. FEDERAL HOME LOAN MORTGAGE CORPORATION | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court is Defendants' Ocwen Loan Servicing LLC and Federal Home Loan Mortgage Corporation's Motion for Summary Judgment. ECF No. 14.  For the following reasons the Court grants the motion.

## II.  PROCEDURAL BACKGROUND

This matter began on October 22, 2013 in the Eighth Judicial District Court, Clark County. ECF No. 1-1. Plaintiff Nevada New Builds LLC asserted a claim for quiet title and declaratory relief related to a Las Vegas property. Id.  In May 2014, Ocwen Loan Servicing, LLC ("Ocwen") became the defendant in place of Primary Residential Services, and in March 2015 Skylights, LLC ("Skylights") became the plaintiff in place of Nevada New Builds, LLC. ECF No. 1. Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") moved to intervene on August 3, 2016. Id. Ocwen removed the case to federal court on August 24, 2016. Id. On September 16, 2016

the Court stayed the case pending the issuance of the Ninth Circuit's mandate in <u>Bourne Valley Court Trust v. Wells Fargo Bank</u>. 832 F.3d 1154 (9th Cir. 2016), <u>cert denied</u> 137 S. Ct. 2296 (2017). On April 8, 2019, the Court lifted the stay. ECF No. 13. Defendants now move for summary judgment. ECF No. 14. No opposition was filed.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts. [1]

### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 4981 River Glen Drive, Unit 63, Las Vegas, Nevada 89103 (the "property"). The property sits in a community governed by the Bella Vita Homeowners Association (the "HOA"). The HOA requires the community members to pay community dues.

Nonparty Janet W. Castle borrowed funds from Primary Residential Mortgage Inc. to purchase the property in 2007. To obtain the loan, Castle executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Castle as the borrower, Primary Residential Mortgage, Inc, as the lender, and Mortgage Electronic Registration Systems, Inc., ("MERS") as the beneficiary, was recorded on September 6, 2007. On October 3, 2011, MERS recorded an assignment of the deed of trust to Bank of America, N.A. ("BANA"), successor by merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP. On September 5, 2012, BANA recorded an assignment of the deed of trust to Ocwen.

/ / /

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Freddie Mac's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); <u>Berezovsky v. Moniz</u>, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

- 2 -

Castle fell behind on her HOA dues. The HOA subsequently recorded a lien for delinquent assessment, followed by a notice of default and election to sell. In April 2013, the HOA, through its agent at the time, recorded a notice of foreclosure sale on the property. On May 18, 2013, the HOA agent recorded a foreclosure deed upon sale transferring the property to First 100, LLC ("First 100"). On May 29, 2013, First 100 recorded a deed of sale transferring the property to Nevada New Builds LLC. On October 31, 2014, Nevada New Builds transferred the property to Skylights.

However, Freddie Mac previously purchased the note and the deed of trust in October 2007. While its interest was never recorded under its name, Freddie Mac continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. Ocwen serviced the note and was listed as the beneficiary of the deed of trust, on behalf of Freddie Mac, at the time of the foreclosure.

The relationship between Freddie Mac and Ocwen, as Freddie Mac's servicer, is governed by Freddie Mac's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Freddie Mac. It also requires that servicers assign the deeds of trust to Freddie Mac on Freddie Mac 's demand. The Guide states:

> The Seller/Servicer is not required to prepare an assignment of the Security Instrument to the Federal Home Loan Mortgage Corporation (Freddie Mac). However, Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Instrument to Freddie Mac.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including when "[s]eller/servicers may need to obtain physical or constructive possession of a Note." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Freddie Mac. The Guide also includes a chapter

- 3 -

regarding how servicers should manage litigation on behalf of Freddie Mac. See Guide at 9402.2 ("Routine and non-routine litigation"). But the Guide clarifies that the servicer must "follow prudent business practices" to ensure that note is "identif[ied] as a Freddie Mac asset." Finally, under the Guide, "all documents in the mortgage file . . . will be, and will remain at all times, the property of Freddie Mac."

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee Freddie Mac. In accordance with its authority, FHFA placed Freddie Mac under its conservatorship in 2008. Neither FHFA nor Freddie Mac consented to the foreclosure extinguishing Freddie Mac's interest in the property in this matter.

### b. Disputed Facts

As no opposition to the motion was filed, the Court finds that there are no disputed facts.

## IV.  LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation

marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

When, as is the case here, the motion for summary judgment is unopposed, the Court must still determine pursuant to Rule 56 of the Federal Rules of Civil Procedure if there are any triable issues of material fact. Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).

## V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[2] The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless the FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Freddie Mac's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Freddie Mac acquired in October 2007.

As no opposition has been filed, the Court considers only whether Defendants have provided the proper foundation and sufficient evidence to show that Freddie Mac acquired a

---

[2] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court declines to make any findings of fact or otherwise address Defendants' argument regarding tender.

property interest prior to the foreclosure sale. To establish Freddie Mac's property interest, Defendants attach printouts from Freddie Mac's MIDAS electronic database. The printouts are accompanied by a declaration by Jeffery K. Jenkins, an employee of Freddie Mac. Jenkins translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Freddie Mac acquired the note and the deed of trust and that recount the various servicers of the loan.

The Ninth Circuit has allowed FHFA and the government-sponsored enterprises, such as Freddie Mac, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court has allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence. Daisy Trust v. Wells Fargo Bank, N.A. 445 P.3d 846 (Nev. 2019) (favorably citing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Freddie Mac as required in Berezovsky. 869 F.3d at 933. The documents also establish that Freddie Mac purchased the loan in 2007—prior to the foreclosure sale. Defendants have therefore presented sufficient evidence under Berezovsky to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Defendants and declares that the Federal Foreclosure Bar prevented the HOA foreclosure sale from extinguishing

Freddie Mac's interest in the property. The Court finds this holding to be decisive as to all claims in this matter.

VI. **CONCLUSION**

**IT IS ORDERED** that Defendants Ocwen Loan Servicing LLC and Federal Home Loan Mortgage Corporation's Motion for Summary Judgment (ECF No. 14) is GRANTED. The Court declares that Skylights acquired the property subject to Freddie Mac's of trust. The Clerk of the Court is therefore instructed to enter judgment in favor of Defendants. The remaining claims in this matter are dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court close this case.

DATED: February 10, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**